IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, § <br> LLC, as Broadcast Licensee of the May 8, § <br> 2021 Saul "Canelo" Alvarez v. Billy Joe § <br> Saunders Championship Fight Program, § <br>   § <br>   Plaintiff,   § <br>   § <br> v.   § <br>   § <br> 1) FRIDA'S TACOS, LLC, individually, § <br> and d/b/a FRIDA'S TACOS and § <br> 2) MARIA E. BARRAGAN, individually, § <br> and d/b/a FRIDA'S TACOS, § <br>   § <br>   Defendants.   § | Civil Action No. 3:24-CV-1083-K |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff G&G Closed Circuit Events, LLC's Motion for Final Default Judgment (Doc. No. 16) and Appendix in support (Doc. No. 16-1) (together, the "Motion"). The Court has carefully considered the Motion, the relevant portions of the record, and the applicable law. The Court **GRANTS in part** the Motion for the following reasons. The Court **DENIES without prejudice** the request for attorneys' fees related to post-trial and/or appellate services.

I.   Factual and Procedural Background

Plaintiff G&G Closed Circuit Events, LLC ("Plaintiff") is the license company that was exclusively authorized to sub-license the closed-circuit telecast of the May 8, 2021, Saul "Canelo" Alvarez v. Billy Joe Saunders Championship Fight Program,

1

including the undercard or preliminary bouts and commentary (the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants, and the like throughout Texas.  Doc. No. 1 at 1.  Plaintiff alleges that, on the date of the Event, Defendant Frida's Tacos, LLC, individually and d/b/a Frida's Tacos ("Frida's Tacos"), owned and/or operated the commercial establishment at 1601 Singleton Blvd., Dallas, Texas, 75212 (the "Establishment"), and supervised and had a direct financial interest in the Establishment's activities.  *Id.* at 2. Plaintiff alleges that, on the date of the Event, Defendant Maria E. Barragan, individually and d/b/a Frida's Tacos, ("Barragan") (together with Frida's Tacos, the "Defendants"), was an owner/manager of the Establishment, was an owner/officer of the entity that owned the Establishment and the real property on which it was located, and supervised and had a direct financial interest in the Establishment's activities.  *Id.*

Plaintiff alleges that Defendants did not purchase the right to broadcast the Event on May 8, 2021, either by satellite transmission or through unauthorized receipt over a cable system, they willfully intercepted or received the interstate communication of the Event or, alternatively, assisted in the receipt of the interstate communication of the Event. *Id.* at 4.  According to Plaintiff, Defendants then broadcast, or assisted in broadcasting, the Event to patrons, thereby misappropriating Plaintiff's licenses to the exhibition of the Event and infringing on Plaintiff's exclusive rights without proper payment or authorization.  *Id.* at 4-5.  Plaintiff alleges these actions were willful and with intent and purpose to obtain a commercial advantage and private financial gain.

2

*Id.* at 4. Plaintiff thereafter filed this action on May 6, 2024, alleging violations of 47 U.S.C. §§ 553 or 605.

Both Defendants were served with a copy of the Summons and Complaint on June 13, 2024 (Doc. Nos. 7 & 8) and, to-date, have failed to answer or otherwise respond to Plaintiff's Complaint. On September 17, 2024, the Court dismissed the case after Plaintiff failed to comply with a court order. Doc. Nos. 10 (order to move for default or provide legal basis for why the case should be maintained on the docket); 11 (order dismissing). On Plaintiff's motion to reopen the case, the Court granted the relief, vacated the order of dismissal, and re-instated the case. Doc. No. 13. Plaintiff filed its Request for Entry of Default (Doc. No. 15), and the Clerk entered default against Defendants (Doc. No. 14). Plaintiff now moves for final default judgment against Defendants, including attorneys' fees and statutory damages under 47 U.S.C. § 605.

## II.   Analysis

By entering default judgment, "conduct on which liability is based may be taken as true as a consequence of the default." *Joe Hand Promotions, Inc. v. Alima*, No. 3:13-CV-0889-B, 2014 WL 1632158, at *1 (N.D. Tex. Apr. 22, 2014)(Boyle, J.) (quoting *Frame v. S—H Inc.*, 967 F.2d 194, 205 (5th Cir. 1992)) (quotation marks omitted). The court accepts the well-pleaded allegations of facts in the complaint as true when considering a motion for default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

There is a two-step process when determining whether default judgment should be entered. *Joe Hand Promotions, Inc.*, 2014 WL 1632158, at *1. First, the court must consider whether the entry of default judgment is appropriate under the circumstances. *Id.* Second, the court must address the merits of the plaintiff's claims and determine if there is sufficient basis in the pleadings for the default judgment. *Nishimatsu Constr. Co.*, at 1206.

### A.   Entry of default judgment is appropriate

The Court finds the entry of default is appropriate under these circumstances. *Joe Hand Promotions, Inc.*, 2014 WL 1632158, at *1. The prerequisite elements for entering a default judgment are met. The record establishes that neither Defendant is a minor nor an incompetent person, and neither Defendant is currently serving in the military. *See* FED. R. CIV. P. 55(b)(2); 50 App. U.S.C. § 521(a),(b)(1)(A)-(B)). Further, the Court has jurisdiction over this matter and these parties.

In determining if default judgment against a party is appropriate, the court considers six factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Applying the *Lindsey* factors to this case, default judgment against both Defendants is proper. *See id*. There are no material issues of fact in dispute. Despite receiving proper service, neither Defendant has responded to Plaintiff's Complaint nor any other pleadings in this case, including Plaintiff's Motion for Final Default Judgment. Further, Defendants have had ample time to respond to the Complaint or otherwise appear in this case to defend. The grounds for default are clearly established. Defendants have not been prejudiced in any way in this case. There is nothing before the Court to indicate that either Defendant's default was caused by a good faith mistake or excusable neglect. The Court is also unaware of any facts from this case that would give the Court reason to set aside the default if either Defendant challenged the judgment. The application of the *Lindsey* factors weighs substantially in favor of granting default judgment against both Defendants. The entry of default judgment against Defendant Frida's Tacos and Defendant Barragan is appropriate under these circumstances.

    **B.**  **Sufficient basis for Plaintiff's claims.**

After considering whether entry of default judgment is appropriate under the circumstances, the Court must determine if there is a sufficient basis for Plaintiff's claims as alleged in the Complaint (Doc. No. 1). *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. Defendants are deemed to have admitted the allegations from Plaintiff's Complaint. *See Frame*, 967 F.2d at 205 ("[C]onduct on which liability is based may be taken as true as a consequence of the default.").

Plaintiff alleges that Defendants illegally intercepted and broadcasted cable or satellite transmissions when they showed the Event on May 8, 2021, in violation of 47 U.S.C. §§ 553 or 605. Section 553 is violated by "intercept[ing] or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system" without authorization. 47 U.S.C. § 553(a); *see also Joe Hand Promotions, Inc.*, 2014 WL 1632158, at *3 (finding that the complaint established a violation of § 553 with allegations that the defendants intercepted and broadcasted boxing matches without authorization). Section 605 is violated when one "intercept[s] any radio communication . . . receive[s] or assist[s] in receiving any interstate or foreign communication by radio and use[s] such communication . . . for his own benefit or for the benefit of another not entitled thereto." § 605(a); *see also Joe Hand Promotions, Inc.*, 2014 WL 1632158, at *3 (holding that the pleadings established a viable claim for relief because of a violation of 47 U.S.C. § 605).

Defendant Frida's Tacos and Defendant Barragan are both alleged to have shown the Event to patrons without authorization, license, or permission to do so from Plaintiff, the exclusive licensee to the commercial distribution of the Event. Plaintiff's Complaint alleges that Defendants did not contract with Plaintiff and pay the proper commercial, non-residential license fee to Plaintiff to show the Event. Plaintiff's Complaint further alleges that, on the date of the Event, "either by satellite transmission or through unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the Event" or, alternatively,

6

"Defendants assisted in the receipt of the interstate communication of the Event. Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within the Establishment." Doc. No. 1 at 4. "[C]ircumstantial evidence can support a finding that a communication was intercepted, even absent direct evidence." *See DIRECTTV, Inc. v. Robinson*, 420 F.3d 532, 537 (5th Cir. 2005). Plaintiff's Complaint establishes that it had the exclusive right to sublicense broadcasts of the Event, Defendants unlawfully intercepted and then broadcast the Event to patrons at the Establishment, and Defendants did so without proper license, authorization, or permission from Plaintiff. This is sufficient evidence of Defendants' liability under either § 553 or § 605. *See J&J Sports Prods., Inc. v. Chance Club Corp.*, Civ. Action No. 4:10-CV-294-Y, 2011 WL 2909885, at *3 (N.D. Tex. July 20, 2011)(Means, J.) (finding violation when the plaintiff had the exclusive right to sublicense the video of the event and the defendant broadcast the event without sublicense).

### III. Damages, Attorney's Fees, and Costs

Plaintiff seeks statutory damages rather than actual damages against Defendant Frida's Tacos and Defendant Barragan pursuant to § 605. *See* § 605(e)(3)(C)(i) (providing that a party may elect either statutory damages or actual damages); *see also Joe Hand Promotions, Inc.*, 2014 WL 1632158, at *3 ("Although Defendants likely violated both §§ 553 and 605, Joe Hand cannot recover under both provisions. The Court, therefore, focuses only on the award of damages under § 605 because it allows

7

for greater recovery by Joe Hand.") (citations omitted).  Statutory damages under Section 605 must be awarded in an amount "not less than $1,000 or more than $10,000, as the court considers just." § 605(e)(3)(C)(i)(II).

Plaintiff seeks an award of $10,000, which is the statutory maximum.  Based on this record, a venue such as the Establishment, which has an approximate maximum occupancy of 80 people, *see* Doc. No. 16-1 at APP041, would have been required to pay a $1,200 sublicensing fee to Plaintiff, *see id.* at APP044, in order to exhibit the Event at the Establishment.  In support of its damages request Plaintiff submitted the declaration of Thomas P. Riley ("Mr. Riley"), counsel hired by Plaintiff "to assist" with "certain infringement matters".  *Id.* at APP005.  Mr. Riley states that the piracy of broadcasts by unauthorized and unlicensed commercial venues, such as the Establishment which is owned, operated, maintained, and/or controlled by Defendant Frida's Tacos and Defendant Barragan, causes Plaintiff to lose customers from sublicense sales to future events, has damaged Plaintiff's goodwill and reputation, and has caused Plaintiff to lose "its right and ability to control and receive sublicensing fees" for the Event from legitimate commercial establishments.  *See, e.g., id.* at APP 009-011.  Mr. Riley also states that Defendants' patrons purchased food and/or drinks while watching the pirated Event.  *Id.* at APP009; *see also id.* at APP040 (affidavit of Plaintiff's Auditor that he paid no cover charge to enter the Establishment and watch the broadcast of the Event).

Plaintiff would have charged Defendants $1,200 to sublicense the broadcast of the Event. *See id.* at APP041 (capacity of "this [E]stablishment is approximately 80"); APP044 (rate card for the Event). In light of this record and the need to deter future violations, the Court finds that an award of $1,200 in statutory damages under § 605(e)(3)(C)(i)(II) is appropriate and just.

A party is entitled to additional damages under 47 U.S.C. § 605(e)(3)(C)(ii) if the defendant is determined to have "willfully" violated Section 605. If the violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," the Court, in its discretion, may increase the damage awarded by an amount of not more than $100,000. 47 U.S.C. § 605(e)(3)(C)(ii).

Plaintiff seeks $50,000 in additional damages because of Defendants' alleged willful violation of Section 605. Plaintiff asserts that the transmission of the Event was intentionally done by Defendants for their financial gain and there are no ways in which "Defendants could have 'innocently' accessed the broadcast of the Event". Doc. No. 16 at 7; *see* Doc. No. 16-1 at APP009-011. Plaintiff contends that Defendants "knew that it was wrong to receive, intercept and divert the signal of the Event and to broadcast it in Defendants' Establishment." *Id.* Even though there is no direct evidence of willfulness by either Defendant, courts have found similar reasoning to that offered by Plaintiff as sufficiently establishing a "willful" violation of Section 605. *See, e.g., Entm't by J & J, Inc. v. Al-Waha Enters., Inc.*, 219 F. Supp. 2d 769, 777 (S.D. Tex. 2002) (finding Section 605 was "willfully" violated because of the "limited methods of

intercepting closed circuit broadcasting of pay-per-view events and the low probability that a commercial establishment could intercept such a broadcast merely by chance . . . ."); *Joe Hand Promotions, Inc. v. 2 Tacos Bar & Grill, LLC*, Civ. Action No. 3:16-CV-01889-M, 2017 WL 373478, at *4 (N.D. Tex. Jan. 26, 2017)(Lynn, CJ) (same); *Joe Hand Promotions, Inc.*, 2014 WL 1632158, at *5 (finding the argument that the "[d]efendants could not have innocently accessed the broadcast of the Event" persuasive when determining whether the defendants "willfully" violated Section 605) (quotation marks omitted). This Court finds the analysis of these courts to be well-reasoned and concludes that Defendant Frida's Tacos and Defendant Barragan both willfully violated Section 605. However, the Court finds that additional damages under § 605(e)(3)(C)(ii) of four times the base statutory damages, or $4,800, is reasonable. *See also Joe Hand Promotions, Inc.*, 2014 WL 1632158, at *5 ("Though there is little guidance how the Court should weigh certain factors when calculating additional damages, many courts have applied [] multipliers of three to five when faced with a defendant who broadcast an event willfully for his own commercial benefit.").

Under § 605, Plaintiff is also entitled to recover its reasonable attorneys' fees and court costs incurred during the prosecution of this case. *See* § 605(e)(3)(B)(iii) ("The court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."). The Court has carefully reviewed the supporting evidence, including the declaration of David M. Diaz ("Mr. Diaz"), counsel for Plaintiff in this matter. Mr. Diaz requests attorneys' fees based on a one-

third contingent fee arrangement, that being one-third of the recovery. *See* Doc. No. 16-1 at APP048-049. Providing his resume in support, Mr. Diaz cites his experience, knowledge, and training, as well as the factors in TEX. DISC. R. PROF. CONDUCT 1.04 and relevant case law, the work performed in this case specifically, as supporting the reasonableness of this fee. "An award equal to one-third of recovery is reasonable for cases such as this, and is frequently the measure of attorney's fees used in Communications Act cases in federal courts in Texas." *J&J Sports Prods. v. Guzman*, 2020 WL 1330360, at *5 (S.D. Tex. Mar. 18, 2020) (cleaned up). Having carefully considered Mr. Diaz's Declaration, the Court concludes that, in this case, a one-third contingency fee is reasonable. *See id.* ("Plaintiff demonstrates, via an affidavit of its attorney, that an award of one-third of the recovery is reasonable in this case because of the attorney's training and experience with cases of this type and the attorney's review of the twelve 'factors to be considered in assessing the reasonableness of an award of attorney's fees.'"). As previously explained, the Court found Plaintiff should be awarded $1,200 in statutory damages under § 605(e)(3)(C)(i)(II) and $4,800 in additional statutory damages under § 605(e)(3)(C)(ii). Accordingly, as Mr. Diaz requests, the Court awards Plaintiff $2,000 in reasonable attorneys' fees incurred thus far. The Court **denies without prejudice** Plaintiff's request for an award of attorneys' fees for post-judgment and/or appellate work. Plaintiff may seek those fees later should Plaintiff incur them and only on formal motion to the Court.

11

The Court also finds that Plaintiff is entitled to recover its costs, but evidence of that amount has not been presented to the Court with this Motion. Plaintiff is also entitled to post-judgment interest at 4.17%, the current published rate. 28 U.S.C. § 1961.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS in part** Plaintiff G&G Closed Circuit Events, LLC's Motion for Final Default Judgment against Defendant Frida's Tacos, LLC, individually and d/b/a Frida's Tacos and Defendant Maria E. Barragan, individually and d/b/a Frida's Tacos. A separate default judgment will be entered. Plaintiff is entitled to recover from Defendant Frida's Tacos, LLC, individually and d/b/a Frida's Tacos and Defendant Maria E. Barragan, individually and d/b/a Frida's Tacos, jointly and severally: $1,200.00 in statutory damages; $4,800.00 in additional damages for willful violation of §605; $2,000.00 in reasonable attorney's fees; its costs; and 4.17% post-judgment interest.

The Court **DENIES without prejudice** Plaintiff's request for an award of prospective attorneys' fees for post-judgment and/or appellate services.

**SO ORDERED.**

Signed January 8th, 2025.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE